825 F.2d 406
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dumitru D. CARSTEA, Plaintiff-Appellant,
v.
TECHNOLOGY APPLICATIONS, INC., Defendant-Appellee.
 No. 86-1647
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1987.
 Decided July 23, 1987.
 
 Alan Rosenblum, Rosenblum & Rosenblum, John P. McGeehan, McGeehan & Associates, on brief, for appellant.
 Douglas McFadden, Thomas L. Jones, Anthony Mark Nicewicz, McFadden, Evans & Sill, on brief, for appellee.
 Before RUSSELL, WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dumitru D. Carstea appeals from a judgment against him in an action alleging that Technology Applications, Inc. ('TAI') discharged him because of his national origin and his age. The district court entered judgment on the merits against Carstea on an employment discrimination claim filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e, et seq. and the Age Discrimination in Employment Act of 1967 ('ADEA'), 29 U.S.C. Secs. 621, et seq. after a nonjury trial.
 
 
 2
 As an initial matter, Carstea argues that because he presented direct evidence of discrimination, the district court erred in failing to shift the burden to TAI to prove by a preponderance of the evidence that it would have taken the challenged actions even in the absence of age and national origin biases. Carstea cites Lee v. Russell County Board of Education, 684 F.2d 769 (11th Cir. 1982), as authority for the proposition. As noted by another circuit court of appeals, courts adopting this burden of persuasion have adopted it in cases in which the trier of fact accepted the direct testimony of discrimination. Craft v. Metromedia, Inc., 766 F.2d 1205, 1210-11 (8th Cir. 1985) (citing Lee, 684 F.2d at 774-75), cert. denied, ---- U.S. ----, 54 U.S.L.W. 3583 (March 3, 1986). Here, as in Craft, the district court did not believe the direct evidence of discrimination. See Craft, supra, at 1211. Thus, the burden-shifting rule has no application here.
 
 
 3
 The district court's finding that TAI's employment decision was not the result of improper considerations is a finding of fact that cannot be disturbed unless clearly erroneous. See Pullman-Standard v. Swint, 456 U.S. 273, 286-88 & n.16 (1982). If a district court's account of the evidence is plausible in light of the record viewed in its entirety, a court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985).
 
 
 4
 In this action, the district court was presented with two conflicting accounts of Carstea's discharge. Carstea testified that he was discharged after being repeatedly subjected to ethnic slurs on his Romanian ancestry and derogatory comments about his age. In contrast, William Beckwith, Carstea's supervisor and the person who recommended his discharge, testified that he recommended the discharge of Carstea after receiving complaints about him from a TAI employee and an important TAI client, the United States Navy. One Navy employee confirmed that Carstea had become very defensive and argumentative in a meeting at which TAI work was discussed, and that the gist of the meeting had been reported to Beckwith. Two other Navy employees confirmed that they had communicated concerns about Carstea's responsiveness to Beckwith.
 
 
 5
 After reviewing the record, we find that the evidence supports the district court's judgment on Carstea's Title VII and ADEA claims. Carstea's claims of error simply reflect a different view of the evidence than that adopted by the district court. Consequently, we affirm the district court's judgment. Because the parties' briefs and the record adequately have presented the facts and legal arguments, and oral argument would not significantly aid the decisional process, we dispense with oral argument.
 
 
 6
 AFFIRMED.